IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Q. Owens, # 184674, | C/A No.: 1:10-1670-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Doctor T "NFN" Byrne/"Ofc," | |
| Defendant. | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), (D.S.C.), the magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual and Procedural Background

Plaintiff is currently confined at Allendale Correctional Institution. He asserts that his complaints about various health conditions (nose bleeds, headaches, spasms in eye/forehead area, blurred vision, skin problems, and constipation) are minimized by defendant Dr. Byrne, and that he is not receiving sufficient medical care and testing. Although he acknowledges that he is being treated for skin fungus and other skin problems, he states that the treatment is not working. Although Plaintiff alleges defendant Bryne is more concerned with prison safety and saving costs than providing

proper medical care, Plaintiff acknowledges he has been treated by Dr. Byrne. Specifically, Plaintiff admits he is given stool softeners for his constipation problems, but complains the medication does not work. Plaintiff wants "fiber therapy," which Dr. Byrne refuses to give him due to security concerns. Plaintiff also complains that Dr. Byrne calls Plaintiff's symptoms "spectacles," as if he does not believe Plaintiff suffers from all the symptoms of which he complains. Plaintiff seeks compensatory and punitive damages.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*,

449 U.S. 5, 9–10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

B. Analysis

Correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993). The *Helling* Court stated,

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199–200 (1989); *see also Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990)).

With respect to medical care, a prisoner seeking compensation in a § 1983 case[1] "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that x-rays should have been taken. The Supreme Court noted that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

Under *Estelle*, Dr. Byrne's refusal to run each test that Plaintiff thinks is necessary, and the doctor's decisions about what kind of medicine is appropriate to treat Plaintiff's conditions under the circumstances of his current confinement do not rise to the level of compensable constitutional violations. *Estelle*, 429 U.S. at 105. In this case, it is clear

---

[1] The facial viability of Plaintiff's Complaint is being considered under this Court's federal question jurisdiction based on 42 U.S.C. § 1983 because there does not appear to be any diversity of citizenship of the parties shown on the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

Plaintiff's allegations reveal that the Allendale Correctional Institution's medical staff provided Plaintiff with medical care for his medical problems. He is being actively treated for his skin and digestive problems and has been allowed to discuss his other symptoms with the doctor and medical workers on numerous sick calls. A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986).

At most, Plaintiff's claims may set forth a claim of negligence or medical malpractice, but it does not rise to the level of medical indifference. It is well-settled that negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is

5

not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990). Thus, no potential constitutional violation is shown on the face of the pleadings.

Additionally, Plaintiff has not set forth a proper constitutional claim based on Dr. Byrne's alleged "disrespect" of him premised on Dr. Bryne's calling his symptoms "spectacles." It is well-settled verbal abuse by prison officials, without more, does not state a cognizable claim. *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005).

III. Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 6, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**